**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| GREGORY SELLERS, individually and on behalf of other similarly situated employees, | Civ. Action No. _____ |
| Plaintiff, | Collective Action Pursuant to 29 U.S.C. § 216(b) |
| v. | |
| EXELON CORPORATION | |
| Defendant. | |

## ORIGINAL COLLECTIVE ACTION COMPLAINT

### SUMMARY

1. Gregory Sellers ("Plaintiff") and other workers like him were not paid overtime as required by the Fair Labor Standards Act ("FLSA") for work they performed for Exelon Corporation ("Exelon" or "Defendant").

2. Instead, Plaintiff and other workers like him, were paid the same hourly rate for all hours worked, including those in excess of 40 in a workweek (or, "straight time for overtime").

3. Plaintiff brings this lawsuit to recover unpaid overtime wages and other damages owed under the FLSA (29 U.S.C. 29 U.S.C. § 201 *et. seq.*).

### JURISDICTION AND VENUE

4. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b) because this Action involves a federal question under the FLSA.

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this District.

6. Exelon's corporate headquarters is located in this District and Division.

### THE PARTIES

7.      During the operative time period, Plaintiff performed work for Exelon. While working for Exelon, Plaintiff was paid the same hourly rate for all hours worked (including those hours in excess of 40 hours in a single workweek) with no overtime compensation. His written consent is attached herein as Exhibit A.

8.      Plaintiff brings this Action on behalf of himself and other similarly situated workers who were paid "straight time for overtime" for work performed for Exelon.

9.      The class of similarly situated employees sought to be certified as a collective action under the FLSA is defined as:

> **All individuals who worked for Exelon (whether directly or through third-party entities) during the past three years who were paid the same hourly rate for all hours worked (including those hours in excess of 40 hours in single workweek), or, "straight time for overtime" (the "FLSA Class").**

10.     Plaintiff seeks conditional and final certification of this FLSA Class in this collective action under 29 U.S.C. § 216(b).

11.     Exelon Corporation is a Pennsylvania corporation. Exelon Corporation may be served with process by serving its registered agent, Corporate Creations Network Inc., at 350 S Northwest Hwy 300, Park Ridge, Illinois 60068, or wherever it may be found.

### COVERAGE UNDER THE FLSA

12.     At all times hereinafter mentioned, Defendant was and is an employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

13.     At all times hereinafter mentioned, Defendant was and is an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

14.     At all times hereinafter mentioned, Defendant was and is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has and has had employees engaged in commerce

or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

15.     At all times hereinafter mentioned, Plaintiff and the FLSA Class Members were engaged in commerce or in the production of goods for commerce per 29 U.S.C. §§ 206-207.

## THE FACTS

16.     Exelon is a full-service provider of power plant services.

17.     To provide services to its clients, Exelon hires workers (either directly or through third-party entities) who are paid on an hourly basis.

18.     When these workers work for Exelon through third-party entities, Exelon and the third-party entities co-determine and share control over the terms and conditions of employment.

19.     When these workers work for Exelon through third-party entities, Exelon and the third-party entities jointly hire and fire, supervise and control, set pay, determine hours, and approve time sheets with respect to these workers.

20.     When these workers work for Exelon through third-party entities, Exelon is a joint employer of the individuals working for Exelon through third-party entities.

21.     During the operative time period, Plaintiff worked for Exelon as an hourly employee.

22.     Plaintiff was paid by the hour.

23.     Plaintiff reported the hours he worked to Exelon on a regular basis.

24.     Plaintiff regularly worked more than 40 hours in a week.

25.     The hours Plaintiff worked are reflected in his payroll records.

26.     Plaintiff was paid the same hourly rate for all hours worked, including those hours in excess of 40 hours in a single workweek.

3

27.     Plaintiff did not receive overtime for all hours worked in excess of 40 hours in a single workweek while working for Exelon.

28.     Rather than receiving time and half as required by the FLSA, Plaintiff only received "straight time" pay for overtime hours worked.

29.     This "straight time for overtime" payment scheme violates the FLSA.

30.     Exelon was aware of the overtime requirements of the FLSA.

31.     Certain hourly employees, such as Plaintiff, nevertheless did not receive overtime while working for Exelon.

32.     Very little skill, training, or initiative, in terms of independent business initiative, was required of Plaintiff to perform his job duties.

33.     Indeed, the daily and weekly activities of Plaintiff and members of the FLSA Class were routine and largely governed by standardized plans, procedures, and checklists created or mandated by Exelon.

34.     Virtually every job function performed by Plaintiff and members of the FLSA Class was pre-determined by Exelon and/or its clients, including the tools to use at a job site, the data to compile, the schedule of work, and related work duties.

35.     Plaintiff and members of the FLSA Class were generally prohibited from varying their job duties outside of the pre-determined parameters.

36.     Plaintiff and members of the FLSA Class performed routine manual and technical job duties that were largely dictated by Exelon.

37.     Plaintiff and members of the FLSA Class perform substantially similar job duties and are subjected to similar policies and procedures which dictate the day-to-day activities performed by each person.

38.     Plaintiff and members of the FLSA Class also worked similar hours and were denied overtime as a result of the same illegal pay practice.

39.     Plaintiff and members of the FLSA Class regularly worked in excess of 40 hours each week.

40.     Plaintiff and members of the FLSA Class were not paid on a salary basis while working for Exelon.

41.     Plaintiff and members of the FLSA Class were paid "straight time for overtime" while working for Exelon.

42.     Plaintiff and members of the FLSA Class were not paid overtime for hours worked in excess of 40 hours in a single workweek while working for Exelon.

43.     Exelon knew, or acted with reckless disregard for whether, Plaintiff and members of the FLSA Class were misclassified as exempt.

44.     The failure to pay overtime to these hourly workers was, and is, a willful violation of the FLSA because Plaintiff and the members of the FLSA Class were misclassified as exempt and denied overtime compensation.

## COLLECTIVE ACTION ALLEGATIONS

45.     The illegal pay practices imposed on Plaintiff were imposed on members of the FLSA Class.

46.     Numerous individuals were victimized by this pattern, practice, and policy which is in willful violation of the FLSA.

47.     Numerous other individuals who worked with Plaintiff were paid in the same manner, performed similar work, and were not properly compensated for all hours worked as required by state and federal wage laws.

48. Based on his experiences and tenure with Exelon, Plaintiff is aware that these illegal practices were imposed on members of the FLSA Class.

49. The members of the FLSA Class were not paid overtime when they worked in excess of 40 hours per week.

50. The failure to pay overtime at the rates required by federal law result from generally applicable, systematic policies, and practices which are not dependent on the personal circumstances of the members of the FLSA Class.

51. Plaintiff's experiences are therefore typical of the experiences of members of the FLSA Class.

52. The specific job titles or precise job locations of the various members of the FLSA Class do not prevent collective treatment.

53. Plaintiff has no interests contrary to, or in conflict with, the members of the FLSA Class.

54. Like each member of the FLSA Class, Plaintiff has an interest in obtaining the unpaid overtime wages owed under federal law.

55. The precise size and the identity of other members of the FLSA Class is ascertainable from the business records, tax records, and/or employee or personnel records maintained by Exelon or the third-parties who provided workers to Exelon.

56. A collective action, such as the instant one, is superior to other available means for fair and efficient adjudication of the lawsuit.

57. Absent a collective action, many members of the FLSA Class will not obtain redress of their injuries and Exelon will reap the unjust benefits of violating the FLSA.

58. Furthermore, even if some of members of the FLSA Class could afford individual litigation against Exelon, it would be unduly burdensome to the judicial system.

6

59.    If individual actions were required to be brought by each member of the FLSA Class, it would necessarily result in a multiplicity of lawsuits and would create hardship to Class Members, to Exelon, and to the Court.

60.    Concentrating the litigation in one forum will promote judicial economy and parity among the claims of the members of the FLSA Class and provide for judicial consistency.

61.    The questions of law and fact common to each of the members of the FLSA Class predominate over any questions affecting solely the individual members. Among the common questions of law and fact are:

   a.    Whether Exelon required Plaintiff and members of the FLSA Class to work more than 40 hours during individual work weeks;

   b.    Whether the decision to pay the FLSA Class straight time for overtime was made in good faith;

   c.    Whether Plaintiff and members of the FLSA Class were paid at a rate of one and one-half times their regular rate of pay when they worked more than 40 hours in a single workweek;

   d.    Whether Exelon's violation of the FLSA was willful; and

   e.    Whether the illegal pay practices were applied to members of the FLSA Class.

62.    Plaintiff and members of the FLSA Class sustained damages arising out of Exelon's illegal and uniform employment policy.

63.    Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its ability to go forward as a collective or class action.

64.    Plaintiff will fairly and adequately represent and protect the interests of members of the FLSA Class.

65.     Although the issue of damages may be somewhat individual in character, there is no detraction from the common nucleus of liability facts. Therefore, this issue does not preclude collective action treatment.

## CAUSES OF ACTION

66.     The failure to pay Plaintiff and those similarly situated to him overtime at one-and-one-half times their regular rates violated the FLSA's overtime provisions.

67.     Exelon owes Plaintiff and those similarly situated to him overtime pay at the proper overtime rate.

68.     Because Exelon knew, or showed reckless disregard for whether, its pay practices violated the FLSA, Exelon owes these wages for at least the past three years.

69.     Exelon is liable to Plaintiff and those similarly situated to him for an amount equal to all unpaid overtime wages as liquidated damages.

70.     Plaintiff and those similarly situated to him are entitled to recover all reasonable attorneys' fees and costs incurred in this action.

## PRAYER

71.     Plaintiff prays for relief as follows:

    a.     An Order designating the FLSA Class as a collective action and permitting the issuance of a notice pursuant to 29 U.S.C. § 216(b) to all similarly situated individuals with instructions to permit them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b);

    b.     For an Order appointing Plaintiff and his counsel to represent the interests of the FLSA Class;

c.   For an Order finding Exelon liable to Plaintiff and the FLSA Class for unpaid overtime owed under the FLSA, as well as liquidated damages in an amount equal to their unpaid compensation;

d.   For an Order awarding attorneys' fees, costs and pre- and post-judgment interest at the highest available rates; and

e.   For an Order granting such other and further relief as may be necessary and appropriate.


Respectfully submitted,


Date:  October 26, 2018                         s/Michael A. Josephson
                                                One of Plaintiffs' Attorneys



Michael A. Josephson
Texas State Bar No. 24014780
mjosephson@mybackwages.com
Lindsay R. Itkin
Texas State Bar No. 24068647
litkin@mybackwages.com
**JOSEPHSON DUNLAP, LLP**
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
713-352-1100 – Telephone
713-352-3300 – Facsimile

        **AND**

Richard J. (Rex) Burch
Texas State Bar No. 24001807
rburch@brucknerburch.com
**BRUCKNER BURCH, P.L.L.C.**
8 Greenway Plaza, Suite 1500
Houston, Texas 77046
713-877-8788 – Telephone
713-877-8065 – Facsimile

9

**AND**

Douglas M. Werman
Maureen A. Salas
**WERMAN SALAS P.C.**
77 W. Washington, Suite 1402
Chicago, IL 60602
(312) 419-1008

**ATTORNEYS IN CHARGE FOR PLAINTIFF**